Pearson, J.
 

 Incest is so detestable, that it is hard to resist the feeling, that one .guilty of it ought to be convicted, whether it was done with ••consent or by violence.
 

 The law makes a distinction, and every individual, however low he may have fallen, has a right to be tried according to law.
 

 His Honor puts in quotation a portion of the charge, and we are to take it as setting out the very words used by him. This relieves us from all difficulty as to the question intended to be made. The quotation embraces two topics, which are put in opposition and treated differently: 1st. The making of no outcry, and the long ixrterval before -disclosure. 2nd. The failure to waken her brother or call for her step-mother. The latter “is submitted to the jury
 
 as a question of fact,
 
 to be tried by a scrutiny of all the circumstances.” The former is treated as involving a rule of law, about which his Honor thought it to be his -duty to instruct the jury. The inference, that he supposed there was this difference, is clear, and we have no idea that ho expressed his opinion as to the weight of the evidence, except in conformity to what he believed to be a rule of law, applicable to the first topic.
 

 “ Making no outcry, and the long interval before disclosure, under ordinary circumstances, is
 
 strong evidence
 
 to discredit (the witness in regard to) the forco. ” This is stated as a rule of law. It was in favor of the prisoner, and is alluded to, as tending to explain the next proposition. “ Rut, when the relation between the parties, and the .friendless
 
 *21
 
 and ignorant condition of the
 
 sufferer
 
 accounts for the silence,
 
 it should have little or no weight.”
 
 This is also stated as a rule of law. It was against the prisoner, and his exception must be sustained, unless there be such a rule..
 

 We are not aware of any such rule of law; in fact, from the nature of things, there cannot be a rule; for, from the varying circumstances of every case of the kind, the matter cannot be reduced to a fixed principle, so as to form a rule, and must be left to the consideration of the jury, as an open question of fact. In this respect, we can see no difference between the matters embraced by the first and second topics. Both, together with the additional circumstances, that the witness (according to her account) had been forced three years before, and had made no outcry or disclosure, ought to have been put on the same footing, and submitted to the-jury. It was for the jury to say which was strong evidence, and which was entitled to little or no weight, and to- decide whether the witness was a friendless and ignorant sufferer, (as his Honor inadvertently assumed her to be,) or a degraded being, seeking to hide her shame by adding to it it the guilt > of perjury, with instructions; that, if, after a careful examination of -the case in every aspect, they could not satisfy themselves whether she was entitled to be believed or not, they ought to acquit; for his guilt depended upon the truth of her testimony.
 

 Lord Hale, in his Pleas of the Crown, 1st vol. 633, treats of the evidence upon an indictment for rape, and after stating that much depended upon the testimony of the party ravished, remarks: “ Her credibility, and how far forth she is “ to be believed, must be left to the jury, and is more or less “ credible,” according to the circumstances. “If she presently “ discover the offence and make pursuit after the offender,” “ &c., “these and the like circumstances give greater proba- “ bility to her testimony.” “But, if she conceal the injury “ for any considerable time after sho had opportunity to.
 
 *22
 
 “complain,” &c., &c., “these and the like circumstances “ carry a strong presumption that her testimony is false or “feigned.” He is followed by East, with the exception, that the concluding sentence is changed, so as to read, “ these and the like circumstances create a strong, but not “ a conclusive presumption, that her testimony is feigned.”' East is followed by BlacestoNE and Russell.
 

 It would seem upon the first blush that these authors intend to lay it down as a rule of law, that circumstances of the former kind give greater probability to the testimony, and those of the latter kind raise ‘ a strong presumption of falsehood; but, upon examination, it will be found they make these remarks merely as suggestions for the consideration of juries, and give their opinion, how far they ought to have greater or less weight. There is no doubt a Judge in England would tell the jury, that this or that circumstance gave greater probability to the testimony of a witness, or that it created a strong presumption that it was false. In our Courts it is different; 'the Statute changes the law in this particular, and a Judge here is not at liberty to give his opinion as to the weight of -evidence, unless the weight to which it is entitled is fixed by some rule of law; e. g. that from thirty years adverse possession of land, the jury ought to presume a grant.
 

 This makes it necessary to distinguish between rules of law and mere considerations, that are to be taken into the account by the juries, when weighing the evidence. It is sometimes difficult to draw the distinction. There are instances of a mere matter of evidence growing into a rule of law, by not taking the distinction, and by the recognition of it, as a rule of law, in repeated decisions. The rule, that when goods are stolen, one foupd immediately thereafter in the possession, who is unable to occount how he came by them, is presumed to have stolen them, is a,n instance of it. At first, it was a circumstance to be considered by the jury,
 
 *23
 
 now it is a rule of law. We are not disposed to add another to the list of rules made by judicial legislation.
 

 It may not be a matter of regret, that this case 'is to be tried again. The fact, that a father should, on three several occasions, ravish his own daughter, and attempt it a fourth time, .and that .the indictment should nharge the second offence, making no mention of the others, presents a case fit to be submitted to .the dispassionate consideration of a second jury.
 

 There must be a
 
 venire .de novo.
 
 Judgment reversed.